UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HANCHARIK,
     Plaintiff,
-vs.-                             **DEMAND FOR JURY TRIAL**

LRA CORPORATION and
LARRY RAYBIN,
Jointly and severally,
     Defendants.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. Defendant LRA Corporation ("LRA") which is a foreign company that maintains registered offices in Broward County.

4.   Defendant Larry Raybin ("Raybin") is the resident agent of LRA Corporation and upon information and belief, is a shareholder, and manager of LRA Corporation.

## VENUE

5.   The transactions and occurrences which give rise to this action occurred in Calhoun County.

6.   Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

7.   Defendants have attempted to collect a consumer type debt allegedly owed by Plaintiff to ETI Financial Corporation in the amount of $41.16.

8.   Plaintiff received a letter from ETI sometime in 2010 regarding this alleged debt.

9.   Plaintiff called ETI and they told Plaintiff that the alleged debt was sold to a collection agency. ETI gave Plaintiff the collection agency's name and number.

10.   On or about June 30, 2012, Plaintiff called LRA to discuss this alleged debt. Plaintiff left Defendant a voicemail.

11.   Raybin called Plaintiff back. During this conversation, Raybin did not advise Plaintiff that he was a debt collector attempting to collect an alleged debt.

12.   During this conversation, Raybin told Plaintiff that he would place this debt on Plaintiff's credit report if it was not paid.

13.   Raybin also told Plaintiff that he "submits reports to the credit bureaus every six months."

14. During this conversation, Larry Raybin also threatened to take Plaintiff to court.

15. He told Plaintiff that he files so many cases in small claims court in Florida that he should be a lawyer.

16. On or about June 30, 2012, Plaintiff mailed his payment in full to LRA.

17. On or about July 3, 2012, LRA emailed Plaintiff a Satisfaction and Release of Debt notice.

18. On this notice, it states that the parties acknowledge that the Released Party (Michael Hancharik) has  not been represented by counsel and waives any right that he/she may have now or in the future with regard to proper representation.

19. Plaintiff never agreed to the information contained in the Notice and hence, it contains a material misrepresentation in connection with the collection of the debt.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates the preceding allegations by reference.

21. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

25. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

28. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

30. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

31. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

34. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

35. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

36. Plaintiff has suffered damages as a result of these violations of the MCPA.

4

37. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.  Actual damages.

b.  Statutory damages.

c.  Treble damages.

d.  Statutory costs and attorney fees.

Respectfully submitted,

July 13, 2012
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com