UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HANCHARIK,  )
       Plaintiff,  )
         )    No. 1:12-cv-810
-v-  )
         )    HONORABLE PAUL L. MALONEY
LRA CORPORATION, and  )
LARRY RAYBIN,  )
       Defendants.  )
         )

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

In this case, Plaintiff Michael Hancharik alleges violations of the Fair Debt Collection Practices Act based on the actions of LRA Corporation, a debt collection agency, and Larry Raybin, a debt collector, in recovering a debt of $41.16. (ECF No. 1.) Before the court today is Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 19.) Having reviewed the briefing and relevant legal authority, the Court finds the matter can be resolved without oral argument. *See* W.D. MICH. L.R. CIV. P. 7.2(d). For the following reasons, the Court will **GRANT** Defendants' Motion to Dismiss.

### I. BACKGROUND

Plaintiff Michael Hancharik owed a consumer debt of $41.16 to ETI Financial Corporation. (ECF No. 1, ¶ 7.) ETI informed Plaintiff that it had sold the debt to LRA Corporation, a debt collection agency, and gave Plaintiff LRA's name and phone number. (*Id.* at ¶ 8.) Around June 30, 2012, Mr. Hancharik called LRA and left a voicemail. (*Id.* at ¶ 9.) The call was returned by Defendant Larry Raybin, a debt collector. (*Id.* at ¶ 10.) During the telephone conversation, Mr. Hancharik alleges that Mr. Raybin never informed him that he was a debt collector trying to collect the debt. (*Id.* at ¶ 11.) According to Mr. Hancharik's complaint, Mr. Raybin said he would place the debt on Plaintiff's credit report if it was not paid, informed Plaintiff that he submits credit reports

every six months, threatened to take Plaintiff to court, and told Plaintiff that he filed a great number of cases in small claims court in Florida. (*Id.* at ¶¶ 12-15.) Mr. Hancharik mailed full payment to LRA on June 30, 2012, and he received a Satisfaction and Release of Debt notice on July 3, 2012. (*Id.* at ¶¶ 16-17.) The satisfaction and release notice states that Plaintiff was not represented by counsel and waives any right he has or will have in the future with regard to proper representation. (*Id.* at ¶ 18.) However, Plaintiff never agreed to the waiver of his rights contained in the satisfaction and release notice. (*Id.* at ¶ 19.)

In August 2012, Plaintiff filed suit in this court. The complaint lists three counts, alleging violations of the Fair Debt Collection Practices Act, the Michigan Occupational Code, and the Michigan Collection Practice Act. (*Id.* at ¶¶ 20-37.) Mr. Hancharik seeks actual, statutory, and treble damages and statutory costs and attorney's fees. Defendants filed this motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6).

## II. LEGAL FRAMEWORK

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Although the court considers the well-pled factual allegations in the complaint, a motion to dismiss turns exclusively on questions of law. *See Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 674-75 (2009) ("Evaluating the sufficiency of the complaint is not a 'fact-based' question of law . . .").

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Id.* (internal citation omitted). Only enough facts are required "to state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal*, 129 S.Ct. at 1949. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). The plausibility standard is not the same thing as "a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations and citations omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369. Further, plausibility is determined in light of the context of the allegations. *Id.* A complaint may also be dismissed for failure to state a claim if "it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. ANALYSIS

The FDCPA was enacted in 1977 for the purpose of eliminating abusive debt-collection practices by debt collectors, among other things. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 398 (6th Cir. 1998) (quoting 15 U.S.C. § 1692(e)). The Sixth Circuit Court of Appeals has held that the FDCPA is "'extraordinarily broad,' crafted in response to what Congress perceived to be a widespread

problem." *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)). The Sixth Circuit has also acknowledged that the FDCPA is a "strict liability statute, meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." *Fed. Home Loan Mtg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007) (citing 15 U.S.C. § 1692k(a)).

Section 1692e of the FDCPA generally prohibits any "false, deceptive, or misleading representation or means in connection with the collection of any debt," and gives a non-exclusive list of such conduct. The yardstick for evaluating whether any communication is misleading is the "least sophisticated debtor." A consumer is protected if they are uninformed, naive, or trusting, but the consumer must exercise objective reasonableness. *Ross v. Commercial Fin. Servs., Inc.,* 31 F. Supp. 2d 1077, 1079 (N.D. Ill. 1999). This standard assumes "a quotient of reasonableness and . . . a basic level of understanding and willingness to read with care." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509-10 (6th Cir. 2007). It is designed to protect all consumers, both the gullible and the shrewd, while preventing "liability for bizarre or idiosyncratic interpretations of collection notices" *Id.*

The complaint alleges generally that Defendants violated the FDCPA, but does not allege violations of any specific provisions. Plaintiff clarifies in his response to the motion to dismiss that his allegations concern three provisions of the FDCPA. First, Plaintiff argues that Defendants violated 15 U.S.C. § 1692e generally by including language Plaintiff did not agree to in the release note, which waived his right to future representation. Next, Plaintiff alleges that Defendants violated § 1692e(5) by threatening to take legal action that they had no intention of taking. Finally, Plaintiff argues that Defendants violated § 1692e(11) when Mr. Raybin failed to disclose that he is a debt collector when he called Plaintiff on the phone.

4

### A. 15 U.S.C. § 1692E(5): THREAT OF LEGAL ACTION

The complaint alleges that during the June 30, 2012 conversation with Plaintiff, Mr. Raybin threatened to take Plaintiff to court and told Plaintiff that "he files so many cases in small claims court in Florida that he should be a lawyer." (ECF No. 1, ¶¶ 14-15.) Debt collectors violate the FDCPA if they threaten to "take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Defendants do not dispute that Mr. Raybin threatened to take legal action. However, Defendants argue that they legally could have instituted legal action to collect the debt, and that the complaint contains no allegation that Defendants did not intend to bring the legal action. Plaintiff responds that the small dollar amount of the debt, the long distance between Defendants in Florida and Plaintiffs in Michigan, and the fact that Mr. Raybin is not a lawyer support a reasonable inference that Defendants did not intend to file a lawsuit against Plaintiff as threatened.

Plaintiff's allegations in paragraphs 14 and 15 of the complaint do not meet the *Twombly-Iqbal* standard. Plaintiff did not allege facts establishing that litigation was not legally possible. Plaintiff also did not allege that Defendants had no intention of pursuing litigation when the threat was made. Instead, Mr. Hancharik pled only that Defendant's actions violated "15 U.S.C. § 1692 et seq.," which encompasses the entire FDCPA. He did not specify which portions of the FDCPA were violated, or that the lawsuit threatened by Mr. Raybin could not have been brought or was not intended to be brought. The complaint fails to even call into question Defendants' intent to pursue litigation due to the distance between the parties, the small amount of the debt, and the need for lawyers. Plaintiff's threadbare, "defendant-unlawfully-harmed-me accusation" is devoid of factual enhancements necessary to raise the claim to the plausible level or even give Defendants notice of the claim. *See Iqbal*, 556 U.S. at 678; *Sowers v. Wakefield & Associates*, No. 09-CV-02873, 2010

WL 3872901, at *5 (D. Colo. Sept. 29, 2010); *c.f. Hinten v. Midland Funding*, *LLC*, No. 2:13-cv-54-DDM, 2013 WL 5739035 (E.D. Mo., Oct. 22, 2013) (finding that claim of defendants' intent was adequately pled by allegations of debt collector's previous abuse). Although Plaintiff more specifically alleges a violation of § 1692e(5) in his response to Defendants' motion to dismiss, a 12(b)(6) motion only considers the pleadings. Accordingly, Plaintiff failed to state a claim upon which relief can be granted when he failed to allege in the complaint any basis for a claim under § 1692e(5) or even which portion of the FDCPA had been violated.

### B. 15 U.S.C. § 1692E(11): FAILURE TO DISCLOSE IDENTITY

The complaint claims that Mr. Raybin never told Plaintiff that he was a debt collector attempting to collect a debt during the June 30, 2013 phone conversation. Under 15 U.S.C. § 1692e(11), debt collectors are required to disclose in their initial written or oral communication with a consumer that they are attempting to collect a debt and that any information they obtain will be used for that purpose. Further, the debt collector must disclose that any subsequent communication is from a debt collector, except for formal legal pleadings. *Id.*

Defendants argue that this claim cannot survive a motion to dismiss because it doesn't make sense. They argue that it is illogical that Mr. Raybin did not disclose his identity because he discussed the debt, Plaintiff's credit report, and possible legal action in the phone call, so Mr. Raybin could not have conveyed his message without expressing that he was seeking to collect a debt. Defendants further argue that Plaintiff's claims are contradicted because Mr. Raybin was returning his call to LRA and Plaintiff later mailed payment to LRA, not ETI, the original debt holder. Plaintiff responds that his allegation should be enough if the facts are construed in the light most favorable to him because Mr. Raybin had an affirmative duty to make the disclosure.

Section 1692e(11) does not require a formulaic recitation of the statutory language. *Epps v.*

*Etan Industries, Inc.,* No. 97C8770, 1998 WL 851488 at *1 (N.D. Ill. Dec. 1, 1998). Debt collectors do not have to utter the magic words "I am a debt collector" to satisfy the FDCPA. *Ross,* 31 F. Supp. 2d at 1079-80. Rather, the requirements of subsection 11 are satisfied "as long as it is clear from the subsequent [communication] that the sender is a debt collector." *Epps*, 1998 WL 851488 at *1. The fact that the communication is from a debt collector must be apparent even to the least sophisticated consumer. *Drossin v. Nat'l Action Fin. Servs., Inc.*, 641 F. Supp.2d 1314, 1320 (S.D. Fla. 2009); *Smith v. Greystone Alliance, LLC*, No. 09C5585, 2011 WL 1303377 (N.D. Ill. March 29, 2011). When a letter or communication makes clear that the sender is attempting to collect a debt, the debt collector's failure to repeat the statutory language would not confuse an unsophisticated consumer. *See Epps,* 1998 WL 851488, at *9 (finding that a letter threatening to report debtor's name to credit bureau with warning that it was an attempt to collect a debt would not confuse an unsophisticated consumer). In contrast, § 1692e(11) is violated when a communication provides no indication of the debt collector's identity or does not mention the debt. *See Drossin*, 641 F. Supp. 2d at 1320; *Smith*, 2011 WL 1303377 at *5; *Leyse v. Corporate Collection Servs., Inc*., No. 03 Civ. 8491, 2006 WL 2708451 at *5 (S.D. N.Y. Sept. 18, 2006). Overall, subsection 11 is located within the section of the FDCPA prohibiting false or misleading representations. § 1692e. Thus, the non-disclosure alleged must ultimately result in a communication that is deceptive or misleading to the consumer.

In this case, Plaintiff does not allege that this was a first communication or that Mr. Raybin was required to disclose that he was attempting to collect a debt and that any information he gathered would be used for that purpose. Thus, the only possible violation of § 1692e(11) would be failure to disclose that a subsequent communication was from a debt collector. Plaintiff's factual allegations, even if accepted as true, are insufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The complaint offers a mere recitation of the elements of this cause

of action, and fails to provide sufficient factual material to "nudge the[] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547. Given that Mr. Raybin was returning Plaintiff's call and they discussed the debt, reporting the debt to a credit bureau, a potential lawsuit, and Mr. Raybin's prior behavior in collecting debts from others through these avenues, the fact that the communication was from a debt collector would have been apparent to even the most unsophisticated consumer. Mr. Raybin's failure to use the "magic words" set out in the statute does not, on its own, establish a violation of § 1692e(11).

The complaint lacks any further information about the introduction Mr. Raybin gave, or any specific statements made that may have misled plaintiff about his identity, which could have pushed the claim into plausible territory. The circumstances of this case have little in common with those where violations of §1692e(11) have been found before. In those cases, debt collectors left vague messages telling debtors to call back "about an important matter" or "in accordance with federal and state regulations," and failed to mention the debt or the name of the debt collection company entirely. *See Drossin*, 641 F. Supp. 2d at 1320; *Smith*, 2011 WL 1303377 at *5; *Leyse*, 2006 WL 2708451 at *5.

Overall, there is insufficient factual material alleged in the complaint for this court to reasonably conclude that the phone call would have confused even an unsophisticated consumer. Accordingly, no violation of §1692e(11) has been alleged sufficiently to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6).

### C. FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS

Finally, the complaint alleges that Defendants violated the FDCPA by including language waiving Plaintiff's right to future representation in the boilerplate of the satisfaction and release note mailed to Plaintiff. Plaintiff claims this is a false representation in connection with the collection of

8

a debt because he never agreed to waive that right. Under 15 U.S.C. § 1692e, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Defendants argue that a release sent after the debt was paid does not implicate the FDCPA because it is not sent "in connection with" the collection of the debt. Plaintiff argues that the release of the debt was related to the debt collection, so it is a communication "in connection with" the collection of that debt, and under the least sophisticated consumer standard, this release was false, deceptive, or misleading.

A communication between a debtor and a debt collector does not have to be a collection attempt to be governed by § 1692e, but it must be connected with such an attempt. *Grden v. Leiken Ingber & Winters*, 643 F.3d 169, 173 (6th Cir. 2011). To be "in connection with" the collection of a debt, the "animating purpose of the communication must be to induce payment by the debtor." *Id.* It does not apply to every communication between a debt collector and a debtor. *Id.* at 173. Rather, it must be a collection attempt or a communication "that aims to make such an attempt more likely to succeed." *Id.*

While the satisfaction and release form at issue here may have contained a false or deceptive statement, it is not a communication covered by this provision of the FDCPA. Because Mr. Hancharik had already paid off the debt, the purpose of the satisfaction and release letter was not to induce payment by the debtor. It was neither a collection attempt nor a communication that would make a collection attempt more likely to succeed. Thus, this allegation does not state a claim upon which relief can be granted under the FDCPA.

## IV. CONCLUSION

Defendants are entitled to dismissal of all of Plaintiff's claims under FED. R. CIV. P. 12(b)(6). The complaint does not set forth sufficient facts to state a claim based on 15 U.S.C. § 1692e, § 1692e(5), or § 1692e(11).

## ORDER

For the reasons discussed above, Defendants' motion to dismiss (ECF No. 19) is **GRANTED.** Plaintiff's claims under the FDCPA are **DISMISSED.** This order dismisses all claims over which this court has original jurisdiction. The court declines to exercise supplemental jurisdiction over Plaintiff Hancharik's purported state law claims. 28 U.S.C. § 1367(c)(3). Thus, Plaintiffs' state law claims are also **DISMISSED.**

**IT IS SO ORDERED**.

Date: November 6, 2013

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge